ALEXANDER C. SIVWRIGHT, Collector,

*v.*

DANIEL PIERCE.

*Filed at Ottawa November 20, 1883.*

TAXES—*assessment of personal property—at what place.*   A permanent resident of one town, in which he has been assessed on his personal property, including his credits, can not be assessed on such credits in another town in the same county; and where the board of review of the latter town extends an assessment against him for credits, a court of equity will enjoin the collection of the taxes extended thereon, as illegal.

APPEAL from the Circuit Court of DeKalb county; the Hon. ISAAC G. WILSON, Judge, presiding.

Mr. JOHN L. PRATT, for the appellant:

A party asking equity must be willing to do equity in the same matter.   The proofs show that appellee, on May 1, 1880, had, and still has, in credits, $60,730 outstanding, and that the loans were negotiated, papers made and money

handed over in the town of Sycamore, and that the notes and mortgages securing these loans were kept in Sycamore.

Boards of review have the power to make or order an assessment which the assessor has failed to make, for any cause. No informality not going to the substantial justice of the tax shall, in any manner, vitiate the tax or assessment. Rev. Stat. chap. 120, sec. 191; *Lyle* v. *Jacques et al.* 101 Ill. 650; *Chicago, Burlington and Quincy R. R. Co.* v. *Frary*, 22 id. 34; *Merritt et al.* v. *Farris et al.* id. 310; *McBride* v. *Chicago*, id. 576; *Munson* v. *Miner*, id. 601.

Equity will not restrain the collection of a tax on the sole ground of illegality, irregularity or informality. There must be special circumstances to give that court jurisdiction. *Youngblood* v. *Sexton*, 32 Mich. 406; *Douglas* v. *Harrisville*, 9 W. Va. 162; *City of Delphi* v. *Bowen*, 61 Ind. 29; *Cook County* v. *Chicago, Burlington and Quincy R. R. Co.* 35 Ill. 467; *Felsenthal et al.* v. *Johnson*, 104 id. 23.

Mr. HIRAM H. CODY, also, for the appellant:

It is a rule of universal application that when a party has a complete remedy at law, and having the opportunity, slumbers upon his right and fails to insist upon it, a court of equity will not afford relief. *City of Peoria* v. *Kidder*, 26 Ill. 357; *Adsit* v. *Lieb*, 76 id. 198; *Coolbaugh* v. *Huck*, 86 id. 604; *The People* v. *Big Muddy Iron Co.* 89 id. 116; *Evans* v. *Gage*, 1 Bradw. 208; 90 Ill. 570.

The remedy at law in this case is "ample," "only," "adequate and exclusive." *English* v. *The People*, 96 Ill. 568; *Felsenthal et al.* v. *Johnson*, 104 id. 23; *Preston* v. *Johnson*, id. 625.

The question of the *situs* of property is not jurisdictional, and that it is taxed in the wrong town does not make the tax illegal. *Selz* v. *Cagwin*, 104 Ill. 647; *The People* v. *Atkinson*, 103 id. 45.

Messrs. J. P. & T. R. WILSON, for the appellee:

Appellee resided in Courtland during the entire year 1880, and his personal property was therefore not subject to taxation in the town of Sycamore. Rev. Stat. sec. 7.

The town has no power to make an original assessment. Rev. Stat. sec. 86.

A court of chancery has authority to enjoin the collection of taxes levied upon an assessment made without authority of law. *Chicago, Burlington and Quincy R. R. Co.* v. *Frary*, 22 Ill. 34; *Kimball* v. *Merchants' Savings, Loan and Trust Co.* 89 id. 611; *Town of Lebanon* v. *Ohio and Mississippi Ry. Co.* 77 id. 539; *Drake* v. *Phillips*, 40 id. 388; *Irvin* v. *New Orleans, St. Louis and Chicago Ry. Co.* 94 id. 105; *Lemont* v. *Singer and Talcott Stone Co.* 98 id. 94; *Chicago, Burlington and Quincy R. R. Co.* v. *Cole*, 75 id. 591; *Searing* v. *Heavysides*, 106 id. 85; *Coolbaugh* v. *Huck*, 86 id. 604.

The alleged fact that Pierce's credits were assessed too low in Courtland, does not render valid the taxes levied upon such credits in the town of Sycamore.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

The present bill was filed by the appellee, Daniel Pierce, in the De Kalb circuit court, against the appellant Alexander C. Sivwright, as the collector of the town of Sycamore, to enjoin the collection of a personal tax. The bill alleges that complainant is now, and during the entire year of 1880 was, a resident of the town of Courtland, De Kalb county, Illinois; that his personal property, including his credits other than as a banker, broker or stock jobber, were assessed by the assessor of the town of Courtland for the year 1880, and taxes extended on such assessment, and paid by the complainant to the collector of Courtland; that complainant was not on the first day of May, A. D. 1880, or at any other time during said year, engaged in business in the town of Sycamore, in

the said DeKalb county, as a banker, broker or stock jobber, except as a member of the firm of Pierce & Dean, composed of himself and another, which firm was assessed for 1880 upon its personal property, including its moneys and credits, in Sycamore, and taxes extended and paid to the collector of Sycamore; that he was not assessed, as an individual, upon personal property, by the assessor of Sycamore, for 1880; that the board of review of Sycamore for 1880 made an original assessment of $61,000, expressly on credits of complainant other than as a bank, banker, broker or stock jobber, and taxes were extended on such assessment, amounting to $1960.78, and a warrant for the collection of said taxes issued to the defendant, as collector of Sycamore, who threatens to levy upon complainant's property by virtue of said warrant to collect said taxes, and will do so unless restrained by injunction. A temporary injunction was awarded upon the filing of the bill, which was made perpetual upon the hearing, and the collector brings the case here for review.

In the view we take of this case it will not be necessary to consider the claim of appellee that the assessment in question was not made by the assessor of Sycamore, but that it was, on the contrary, an original assessment by the board of review for that town; nor will it be necessary to discuss other objections urged against the regularity or validity of the tax. The proofs fully show, and indeed it is not denied in the answer, that during the year 1880, and for a number of years prior thereto, appellee resided in Courtland, an adjoining town, and that his personal effects, including his credits other than as a banker, broker, etc., had been there assessed for the year 1880, and that the taxes so assessed for that year had already been paid. The proofs also fully sustain the charge in the bill "that appellee had not, at any time during the year 1880, been engaged in business in the town of Sycamore, except as a member of the firm of Pierce & Dean, which firm was assessed for 1880 upon its personal property, including

its money and credits, in Sycamore, and the taxes extended and paid to the collector of Sycamore." These facts being clearly established, it follows the town of Sycamore had no power or jurisdiction to levy, assess or extend upon the tax books the tax in question, and hence the collector was properly enjoined from its collection.

The suggestion that appellee's assessment in the town of Courtland covered but a small portion of his personal effects, is a matter that concerns the town of Courtland, rather than that of Sycamore. It certainly did not justify the latter in imposing the tax in question.

The judgment will be affirmed.

*Judgment affirmed.*